Per Curiam.

Craving oyer of the bond made the condition of the bond part of the pleading.
Earle in continuance.
Cited Phillips 423-4.) The -consideration of the bond was the lawful confinement and the discharge from it. It is competent to shew that he was in lawful custody by a different lawful process. The proof is not contradictory to the deed.
Colcock, J.
In this case the demurrer was properly sustained. Enough had been said in the opinion of the court at the last session, to shew that the plaintiff must recover on the bond as it was, or not at all. Without following the counsel through the devious course of pleading which has been pursued, and which was necessarily so, because an illegal object was sought, Í ask what is the object for introducing parol evidence to prove that the consideration stated in the bond was not the true consideration, but that another and a better did exist, and ought to have been inserted? Now what is this but a violation of one of the best settled doctrines . known to the law? The point has been determined in some ten or twenty cases, which are reported in the late reports, and has arisen so frequently, not from any doubt as to the doctrine, but from the carelessness and inattention of men to the manner of doing business: and where an error of the kind is committed there is always a struggle to recover.
In the case of Shemerhorn vs. Vanderheyden, 1 Johnson Reports 140, where the same attempt was made, the court say, “ the consideration is expressly stated in the deed of assignment itself, and the parties are thereby precluded from setting up any greater or different consideration. And the reference is there to Black. 1249, Preston vs. Merceau. To *568 allow of parol evidence for that purpose would be to extend or substantially to vary the language of a written contract. And so in Mumford vs. M‘Pherson, 1 Johns. 418, the court say, “ the contract between the parties was reduced to writing, and contained in the bill of sale, and recourse must be had to that instrument to ascertain its extent. It cannot be a safe or salutary rule to allow a contract to rest partly in writing and partly in parol,” So in the case of Hawes and Barker, Mr. justice Thomson, says, “ we must presume, after the execution of the deed, that the consideration men-■tinned in the deed was the one finally agreed on between the parties.” Spencer, justice, concurred, and chief justice K>nt, said, he had struggled hard and with a strong inclination to support the action, “ but I cannot surmount the impediment of the deed, which contains a specific consideration.” And, lastly, in the case of Vraigley vs Hawes, 7 Johnson’s Rep. 342, which refers to several other cases, the court say, “ It is a settled rule, that wh. re the consideration is expressly stated in a- deed and it is not also said/or other considerations, you cannot enter into proof of any other, for that would be contrary to the deed.” It was said, that this is a mere recital, and therefore parol evidence may be admitted to shew that it is incorrect. But giving to the argument all the force it can have, under any view of it, if a recital be of an important fact it cannot be varied, and is always taken most strongly against him who makes it. And here I should consider the recital as made by the obligee, and constituting unimportant part of the consideration. In the very authority referred to, I Jacob’s Law Dictionary, 392, it is said, though a recital of itself may he considered as nothing, yet being joined and considered with the rest of the deed, it is material; and Leonard 112, is relied on». (I Dallas 67. Jacob Law Diet. 5, vol. title Recital of Deeds.
Waddy Thompson fy Earle, for the motion.
.Irby Davis, contra.